UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

JOSEPH W. HIGGINS,

Petitioner,

v.

GOVERNOR BILL OWENS, NICHOLAS R. MASSLRO, MESA COUNTY DISTRICT COURT, TOM DEISTER, MESA COUNTY DISTRICT ATTORNEY'S OFFICE, MINNESOTA PROBATION OFFICE, MINNESOTA FEDERAL POSTAL SERVICE, and MINNESOTA SUPREME COURT,

Respondents.

Civil No. 00-2594 (PAM/JGL)

**ORDER**

---

Plaintiff, a prisoner at the Colorado State Prison in Canon City, Colorado, commenced this action in this District on November 17, 2000, by filing a pleading identified as a "Petition For Writ In The Nature Of Mandamus." (Docket No. 1 ) He did not tender the $150 filing fee with his pleading as required by 28 U.S.C. § 1914(a), but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a). (Docket No. 2.) For the reasons discussed below, Plaintiff's request for IFP status will be denied pursuant to 28 U.S.C. § 1915(g).

Section 1915(g) was enacted as part of the Prison Litigation Reform Act of 1995 ("PLRA"). It provides that:

> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [i.e., the IFP statute -- 28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court

FILED 12-1-00
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

> of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

This statute, "commonly known as the 'three strikes' provision, directs that prisoners who have had three previous civil suits or appeals dismissed as malicious, frivolous, or for failure to state a claim must prepay the entire filing fee... unless they are 'under imminent danger of serious physical injury.'" Lyon v. Kroll, 127 F.3d 763, 764 (8th Cir. 1997). When determining whether a prisoner is subject to the restrictions of § 1915(g) -- i.e., whether he has had three prior actions dismissed as frivolous, malicious, or for failure to state a cognizable claim -- courts will consider actions that were filed both before and after the enactment of the PLRA. Tierney v. Kupers, 128 F.3d 1310, 1312 (9th Cir. 1997); Green v. Nottingham, 90 F.3d 415, 420 (10th Cir. 1996).

A quick search of the Clerk's records in this District, as well as federal cases reported on Westlaw, shows that Plaintiff has been a prolific litigator both here and elsewhere. He has filed at least two prior actions in this District that were dismissed for failure to state a claim on which relief could be granted, (Higgins v. Dosal, Civil No. 3-96-1049; Higgins v. Dosal, Civil No. 3-96-1087), and he also has filed several actions in Colorado that were dismissed either because they were frivolous or because they failed to state an actionable claim. See Higgins v. Clinton, 1996 WL 343531 (10th Cir. 1996) (unpublished opinion).[1]

---

[1] See also Higgins v. Suter, 1996 WL 460067 (D.C.Cir. 1996) (unpublished opinion) (upholding dismissal of Plaintiff's action as "frivolous in light of the complaint's fanciful factual allegations").

Thus, the Court finds that Plaintiff has filed three or more actions that were dismissed on the grounds of being frivolous, malicious, or failing to state a claim on which relief could be granted. Because there are no allegations in Plaintiff's current pleading suggesting that he is "under imminent danger of serious physical injury," the Court concludes that § 1915(g) is clearly applicable here, and that, pursuant to the statute, Plaintiff is ineligible for IFP status in this matter. Plaintiff's IFP application, (Docket No. 2), must therefore be denied.

The Court further notes, however, that "[s]ection 1915(g) does not prohibit prisoners from pursuing legal claims if they have had 'three strikes' or three prior dismissals. It only limits their ability to proceed in forma pauperis." Lyon, 127 F.3d at 765. Plaintiff will therefore be allowed to prosecute this action if he pays the full $150 filing fee. He will be given until December 22, 2000, to do so. If Plaintiff has not paid the full fee by that date, it will be recommended that this action be summarily dismissed without prejudice.[2]

Based upon the above, and upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), is

---

[2] Plaintiff should note that even if the full filing fee is paid in a timely manner, his pleading will still have to be "screened" pursuant to 28 U.S.C. § 1915A to determine whether it states a cause of action on which relief can be granted. If the Court finds that Plaintiff has failed to plead a legally cognizable claim, (which appears highly likely), his case will be subject to summary dismissal, notwithstanding his payment of the fee. 28 U.S.C. § 1915A(b)(1).

DENIED; and

2. Plaintiff shall pay the entire $150 filing fee for this action by no later December 22, 2000, failing which it will be recommended that the action be dismissed without prejudice.

Dated: Nov. 30, 2000

JONATHAN LEBEDOFF
United States Magistrate Judge