**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

JOSEPH W. HIGGINS,

Petitioner,

v.

GOVERNOR BILL OWENS, NICHOLAS R. MASSLRO, MESA COUNTY DISTRICT COURT, TOM DEISTER, MESA COUNTY DISTRICT ATTORNEY'S OFFICE, MINNESOTA PROBATION OFFICE, MINNESOTA FEDERAL POSTAL SERVICE, and MINNESOTA SUPREME COURT,

Respondents.

Civil No. 00-2594 (PAM/JGL)

**REPORT AND RECOMMENDATION**

Petitioner, a Colorado state prison inmate, commenced this action by filing a self-styled "Petition For Writ In The Nature Of Mandamus," and an application for leave to proceed in forma pauperis, ("IFP"). This Court reviewed Plaintiff's IFP application and concluded that he was ineligible for IFP status under the "three strikes rule" set forth at 28 U.S.C. § 1915(g).[1] Therefore, by order dated November 30, 2000, (Docket No.3), the Court denied Petitioner's IFP application, and directed him to pay the full $150 filing fee prescribed by 28 U.S.C. § 1914(a). That order expressly advised Petitioner that if he did

[1] Section 1915(g) was enacted as part of the Prison Litigation Reform Act of 1995 ("PLRA"). It provides that:

> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [i.e., the IFP statute -- 28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

FILED DEC 29 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

not pay the full filing fee by December 22, 2000, the Court would recommend that this action be dismissed.

The deadline for paying the filing fee has now passed, and Petitioner has failed to pay it. Instead, Petitioner has filed a "Motion For Reconsideration Of Denial of In Forma Pauperis," (Docket No. 4), asking the Court to vacate its prior Order and grant him IFP status. Petitioner contends that this action should be exempt from the three strikes rule, because he is "under imminent danger of serious physical injury."

It is readily apparent, however, that Petitioner's current lawsuit does not seek relief for any "imminent danger of serious physical injury." As far as the Court can discern, Petitioner is simply asking that Respondents be directed, by writ of mandamus, to correct some type of alleged clerical or administrative error pertaining to his past criminal court proceedings. Petitioner has not alleged that any of the named Respondents is exposing him to any danger of serious physical injury at this time.

Petitioner appears to be alleging in his motion papers that he has, <u>at some time in the past</u>, suffered some type of injury related to his incarceration. Past injury alone, however, does not exempt a prisoner from the three strikes rule. <u>Ashley v. Dilworth</u>, 147 F.3d 715, 717 (8th Cir. 1998) ("[a]llegations that the prisoner has faced imminent danger in the past are insufficient to trigger [the] exception to § 1915(g)"). The exemption is available only where there is a genuine threat of some <u>future</u> physical injury requiring immediate judicial intervention. Moreover, even if Petitioner's motion papers could be construed to include allegations of an ongoing (i.e., presently existing) threat of physical injury, he still could not be excused from the three strikes rule, because it does not appear that any of the named Respondents is responsible for any such threat of physical harm.

If Petitioner truly believes that he is "under imminent danger of serious physical injury," he will have to pursue a lawsuit against the parties who are presently responsible for his safety and well-being – presumably one or more of the prison officials at the institution where he is now confined.

In sum, Petitioner has offered no credible explanation for his conclusory assertion that he is seeking relief from an "imminent danger of serious physical injury." Even with the benefit of liberal construction, neither Petitioner's original pleading, nor his more recent motion papers, shows that he is presently exposed to an immediate danger of physical injury pursuant to some act or omission of the named Respondents. Thus, the Court concludes that this action does not qualify for the exception to the three strikes rule provided by § 1915(g).

For the reasons discussed above, the Court will recommend that Petitioner's Motion For Reconsideration be denied. It also will be recommended that this action be summarily dismissed, without prejudice, because Petitioner has not paid the full filing fee for this action, as required by the Court's prior order. See Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

## RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Petitioner's "Motion For Reconsideration Of Denial Of In Forma Pauperis," (Docket No. 4), be DENIED; and

2. This action be summarily dismissed without prejudice.

Dated: Dec. 29, 2000

JONATHAN LEBEDOFF
United States Magistrate Judge

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by January 18, 2001, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.